## MORRIS v. MORRIS.

ATKINSON, J. 1. In a suit for cancellation of a deed and accounting, a verdict was returned for the defendant on May 18, 1931, during the regular May term of the superior court. On the same day a judgment was entered upon the verdict. During the trial and prior to verdict the court "sustained" a demurrer to that part of the petition as amended which related to an accounting. No written order was taken to that effect. On May 26, 1931, exceptions pendente lite to the ruling sustaining the demurrer were approved and filed as part of the record. On June 17, 1931, the plaintiff presented a bill of exceptions assigning error on the ruling sustaining the demurrer and upon the exceptions pendente lite. The certificate of the clerk states that the May term of the court adjourned May 26, 1931. The order of adjournment (a copy of which was ordered sent up to this court, under the Civil Code, § 6149, par. 4) states: "It is hereby ordered that the present May term, 1931, of said court be and the same is hereby adjourned until the 25th day of July, 1931, on which said day, at 9 o'clock a. m., the said court shall reconvene for the purpose of hearing and disposing of demurrers pending in said court and for the transaction and disposure of such other business as may come before said court." *Held:*

(a) The certificate of the clerk, construed in connection with the language of the order of adjournment, shows that the May term at which the case was tried did not finally adjourn on May 26, but was still in session on June 17, the day on which the bill of exceptions was tendered and approved.

(b) It affirmatively appears that the exceptions were filed in time.

2. The ruling orally sustaining the demurrer to the part of the petition relating to accounting prevented the plaintiff from further prosecution of that part of the case, and so affected the verdict as would authorize the plaintiff to except.

3. The petition as amended was not too indefinite to state a cause of action for an equitable accounting. It was error to sustain the demurrer, and the error rendered nugatory all further proceedings for an accounting.

4. The ruling announced in the preceding division has no application to so much of the verdict as denies the prayer for cancellation. It is not made to appear that that part of the verdict is contrary to law for any reason that could be taken advantage of without a motion for a new trial, and it will be allowed to stand.

*Judgment reversed in part and affirmed in part. All the Justices concur.*

No. 8549. JULY 15, 1932.

*Olin Hammock,* for plaintiff.
*H. A. Wilkinson* and *Henry A. Wilkinson,* for defendant.